**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

## DEFERRED SENTENCING AGREEMENT

*United States v. Lillith Etienne*
*Grin Case No. 3:20-cr-290-YY*

1.  **Parties/Scope**: This Deferred Sentencing Agreement ("Agreement") is between this United States Attorney's Office ("USAO") and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This Agreement does not apply to any charges other than those specifically mentioned herein. The parties agree that defendant's interests and the interests of justice will be served by entering into this Agreement.

2.  **Charge**: Defendant agrees to plead guilty to Count 1 of the Information, which charges the offense of assault on a federal officer in violation of Title 18, United States Code, Section 111(a)(1).

3.  **Penalties**: The maximum sentence is 1 year imprisonment, a fine of $100,000, a term of supervised release not to exceed 1 year, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to abandon the instrumentality of this offense (a laser).

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    First, the defendant forcibly assaulted Agent Victim 1; and

    Second, the defendant did so while Agent Victim 1 was engaged in, or on account of his official duties.

    Defendant admits the elements of the offense alleged in Count One of the Information.

    The government's investigation can establish the following facts beyond a reasonable doubt. On July 12, 2020 defendant was present at a protest outside the Mark O. Hatfield

Deferred Sentencing Agreement
*United States v. Lillith Etienne Grin*
Page 2

Courthouse. Defendant shined a green laser into the eyes of Agent Victim 1 (AV1), a deputy U.S. Marshal who was in uniform, clearly marking him as a federal police officer. When AV1 and another officer approached defendant, she assaulted AV1 again with the laser, directing the laser into his eyes. AV1 and the other officer attempted to take defendant into custody, but defendant struggled and resisted against the officers efforts. The officer had to use a Taser multiple times to subdue defendant.

During a search incident to this arrest, officers recovered the laser device. The device was labeled with a warning to avoid eye exposure and that the laser from the device could damage an individual's eyes and skin. AV1 was not wearing eye protection when he was assaulted. AV1 complained that his vision was affected by the assault for 30 minutes after the incident, and that he was experiencing blurry vision and "sunspots." Several months after the assault AV1 stated that his vision is fine, and that he has had no long term effects from the assault.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A2.4 is a Base Offense Level of 10, prior to adjustments.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Sentencing Recommendation**: If the matter proceeds to sentencing, the USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant is free to argue for any lawful sentence.

10. **Abandonment of Instrumentality**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the laser device seized by investigators.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or

sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Conditions**: From the date of this Agreement, until sentencing, defendant agrees to fulfill the following conditions:

    A. Comply with all the conditions in the Amended Order Setting Conditions of Release (ECF #8);
    B. Take all medications as prescribed;
    C. Complete 30 hours of community service.

15. **Breach of Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

    If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Verification**: Defendant understands that 30 days prior to sentencing, the USAO will consult with the U.S. Pretrial Services Office and re-check defendant's criminal history. The USAO will rely on counsel for defendant to verify by email to the USAO that defendant has completed the community service.

17. **Dismissal**: If the USAO determines that defendant has successfully fulfilled the conditions outlined above, the USAO will join in her motion to withdraw her guilty plea under Fed. R. Crim. P. 11(d)(2)(B). The USAO agrees to dismiss the criminal charges in this case, with prejudice. The USAO further agrees not to bring additional criminal charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Deferred Sentencing Agreement
*United States v. Lillith Etienne Grin*
Page 4

18.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant agrees to the terms of this deferred sentencing agreement, please sign and attach the original of this letter to the Petition to Enter Plea.

19.     **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

The parties understand the conditions of this agreement and agree to comply with them.

12.3.2020
Date

Lillith Etienne Grin
Defendant

12.3.2020
Date

Michelle Sweet
Counsel for Defendant

November 24, 2020
Date

/s/ Paul T. Maloney
Paul T. Maloney
Assistant United States Attorney